IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| WILSON, | | REPORT & RECOMMENDATION |
| | Plaintiff, | Case No. 2:22-cv-00240-BSJ-CMR |
| v. | | District Judge Bruce S. Jenkins |
| WHITE et al, | | Magistrate Judge Cecilia M. Romero |
| | Defendants. | |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 11). On April 6, 2022, *pro se* Plaintiff Angela Wilson (Plaintiff) filed her Complaint against Defendants (ECF 1). Plaintiff filed three notices the next day further expanding her claim: one is entitled a Notice of Lis Pendens and appears to also assert a trespass (ECF 6), one seeks a stay of ongoing proceedings in county court (ECF 7), and that last appears to acknowledge the authority of a magistrate judge (ECF 8). Plaintiff has failed to update her address or make any filings in this case since these last filings which occurred on April 7, 2022. The court issued a Docket Text Order (Order) (ECF 13) on October 12, 2022, ordering "Plaintiff to show cause why this case should not be dismissed for failure to prosecute" by no later than October 25, 2022. Plaintiff again failed to update her address or make any filings after the Docket Order. The court now reviews Plaintiff's failure to prosecute this case.

## I.      DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)

1

("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. Despite two of the three named Defendants in this case being served, the court finds they would face no prejudice as no formal answer has yet to be filed. As to the second factor, the court finds it weighs in favor of dismissal because Plaintiff's failure to move this matter along by failing to comply with the court's Order inherently interferes with the judicial process. Although it is unclear if Plaintiff received a hard copy of the Order, the docket reflects that it was sent to Plaintiff's last known address, and it is Plaintiff's responsibility to "immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes." DUCivR 83-1.7(b). Plaintiff's failure to follow local rules and comply with the court's Order (*see* ECF 9) makes Plaintiff highly culpable. The fourth factor is met as the court issued the Order with a warning of a recommendation of dismissal. There also appears to be no lesser effective sanction for this case.

## RECOMMENDATION

Based on Plaintiff's failure to prosecute this case and abide by the rules and orders of this court, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 14 February 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah